# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: S.L.**

**No. 13-0912** (Webster County 13-JA-4)

**FILED**

February 18, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father, by counsel Christopher G. Moffat, appeals the Circuit Court of Webster County's August 7, 2013, order terminating his parental rights to S.L. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Michael L. Jackson, filed its response in support of the circuit court's order. The guardian ad litem, Michael W. Asbury, filed a response on behalf of the child, also supporting the circuit court's order. On appeal, Petitioner Father alleges that the circuit court erred in terminating his parental rights based solely upon his incarceration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2013, the DHHR filed its initial petition to institute child abuse and neglect proceedings based upon Petitioner Father's incarceration for sexual intercourse with an inmate[1] and allegations of drug abuse and addiction.[2] By order entered on March 8, 2013, the circuit court adjudicated the child as abused and neglected on the basis of petitioner's admissions that he was currently incarcerated for sexual intercourse with an inmate, was convicted in 2010 for two counts of third degree sexual assault for having intercourse with a female under the age of sixteen, and was unable to provide a fit, apt, and suitable home for S.L. due to his incarceration. Petitioner Father was unavailable due to his incarceration, but was represented by counsel. Subsequently, in April of 2013, the DHHR moved to terminate petitioner's parental rights on the basis of the lack of a bond with S.L. and that it was unlikely that petitioner would be able to improve his ability to provide a suitable home for S.L. in the reasonably foreseeable future due

---

[1] Petitioner was a correctional officer at the Beckley Correctional Center.

[2] The petition also alleged that S.L.'s mother had a history of drug abuse, a past conviction for the felony offense of Sale of a Child, and was currently addicted to drugs.

to his incarceration.[3] By order entered August 7, 2013, the circuit court terminated petitioner's parental rights based upon the fact it would be at least April of 2014 until petitioner would be released, that S.L. needs to be able to bond and have a fit, apt, and suitable home for her needs, and that it was contrary to the best interests of the child to delay permanency.[4] It is from this order that Petitioner Father appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, Petitioner Father alleges that the circuit court erred in terminating his parental rights because termination was based solely upon his incarceration status. This Court has stated:

When no factors and circumstances other than incarceration are raised at a disposition hearing in a child abuse and neglect proceeding with regard to a parent's ability to remedy the condition of abuse and neglect in the near future, the circuit court shall evaluate whether the best interests of a child are served by terminating the rights of the biological parent in light of the evidence before it. This would necessarily include but not be limited to consideration of the nature of the offense for which the parent is incarcerated, the terms of the confinement, and the length of the incarceration in light of the abused or neglected child's best interests and paramount need for permanency, security, stability and continuity.

---

[3] At the time of disposition, petitioner was scheduled to have a parole hearing on October 1, 2013, which made him eligible for release on April 19, 2014.
[4] S.L.'s mother, who is still married to petitioner, relinquished her parental rights at the dispositional hearing.

Syl. Pt. 3, *Id*. The case of *In re: Cecil T.* also recognized that "this Court has never held that incarceration can not [sic] be the sole basis for terminating parental rights." *Id*. at 96, 717 S.E.2d at 880.

During disposition, the State proffered that Petitioner Father has never met S.L.; that he was still married to the child's mother, who no longer had parental rights to the child; that his bail bond had been revoked on prior sentences due to positive drug screens; that petitioner admitted he could not care for the child due to his incarceration; and that it was unlikely that petitioner could or would comply with and satisfy the conditions of an improvement period in the near future due to his incarceration. The circuit court then determined that it was in S.L.'s best interest to terminate his parental rights to achieve permanency, security, stability, and continuity. This Court finds that the circuit court did not violate the principles of *In re: Cecil T.* in this case. The circuit court explicitly examined the length of the incarceration, noting that petitioner's incarceration was for a sexual crime and he was twice convicted for sexual intercourse with a girl under the age of sixteen.

For the foregoing reasons, we find no error in the decision of the circuit court and its August 7, 2013, order is hereby affirmed.

Affirmed.

**ISSUED**: February 18, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Margaret L. Workman
Justice Allen H. Loughry II